

# The Attorney General of Texas

October 1, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

606 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

T. W. Meek, Director
Texas National Guard Armory Board
West Austin Station
Austin, Texas  78763

Opinion No. MW-372

Re:  Availability of personnel files under Open Records Act

Dear Mr. Meek:

You have requested our opinion on the standards for releasing under the Open Records Act personnel file information held by your agency. You have submitted sample files which contain, inter alia, applications for employment, illness and injury reports, letters of reprimand and commendation, staff memoranda and copies of agency regulations, records of salary changes, requests for promotion, notices of resignation, W-4 forms and complaints filed with the Equal Employment Opportunity Commission.

Section 3(a)(2) of the Open Records Act excepts from disclosure:

> information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy....

Section 3(a)(1), on the other hand, recognizes constitutional and common law privacy. We have frequently considered the scope of each of these standards. See, e.g., Open Records Decision Nos. 269, 268, 264 (1981); 262, 260, 257 (1980). We have thoroughly examined all documents in each of these files, and, as in Open Records Decision No. 260, we do not believe that any of them satisfy the requirements imposed for constitutional, common law or employee privacy. However, were any such records to include information excepted by a right of privacy, it should be withheld in accordance with the standards articulated in Open Records Decision No. 262. In addition, the W-4 forms are excepted from public disclosure by federal law. See 26 U.S.C. §6103(a)(2), (b)(2)(A), (p)(8). See also Attorney General Opinions H-1274 (1978); H-1070 (1977). Otherwise, none of the information of the type you have submitted is ordinarily excepted from disclosure under sections 3(a)(1) or 3(a)(2) of the act.

Section 3(a)(11) excepts:

> inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency.

Section 3(a)(11) has long been construed to except only those portions of a document which consist of advice, opinion and recommendations. Severable facts may ordinarily be revealed. Open Records Decision Nos. 273 (1981); 239 (1980). The purpose of 3(a)(11) is:

> to protect from disclosure advice and opinion on policy matters and to encourage open and frank discussion between subordinate and chief concerning administrative action.

Attorney General Opinion H-436 (1974). See also Open Records Decision Nos. 174 (1977); 128 (1976); 86 (1975). In Open Records Decision No. 239 (1980), for example, we held that a college president's recommendations to the Board of Regents regarding faculty tenure were excepted under section 3(a)(11).

In our opinion, those personnel files submitted to us which consist of recommendations for promotion, letters of reprimand and letters of commendation fall within this category.

## S U M M A R Y

With certain stated exceptions, material in personnel files submitted by the National Guard Armory Board is ordinarily available to the public under the Open Records Act.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

p. 1246

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Jim Moellinger
Bruce Youngblood